# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**DALE A. KENNETT**                                                  **PLAINTIFF**

**v.**                                            **CIVIL NO. 1:18cv234-HSO-FKB**

**COMMISSIONER OF SOCIAL**
**SECURITY**                                                     **DEFENDANT**

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION [21] FOR EXTENSION OF TIME, ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [20], AND DISMISSING PLAINTIFF'S COMPLAINT [1] WITHOUT PREJUDICE

BEFORE THE COURT are pro se Plaintiff's Dale A. Kennett's Motion [21] for Extension of Time and the Report and Recommendation [20] of United States Magistrate Judge F. Keith Ball. After due consideration of the Motion, the Report and Recommendation, the record as a whole, and relevant legal authority, the Court finds that Plaintiff's Motion for Extension of Time should be denied, that the Magistrate Judge's Report and Recommendation should be adopted as the opinion of the Court, and that Plaintiff's Complaint should be dismissed without prejudice.

### I. BACKGROUND

On July 13, 2018, pro se Plaintiff Dale A. Kennett ("Plaintiff") filed a Complaint [1] in this Court asserting that the decision of the Commissioner of the Social Security Administration ("Commissioner") to deny Plaintiff's application for Social Security disability insurance benefits should be reviewed as his attorney was not prepared for the hearing, and that he should be granted "back disability to

furtherest [sic] date available." Compl. [1] at 4. The Commissioner filed an Answer [14] on May 20, 2019, followed the next day by a copy of the Administrative Record [15, 16, 17, 18]. Plaintiff was mailed a copy of the Answer at his address of record. Answer [14] at 3. Plaintiff was required to file and serve his brief within 30 days, or on or before June 20, 2019. *See* Order Directing Filing of Briefs [4] at 1. Plaintiff failed to do so.

On December 30, 2019, the Court entered an Order to Show Cause directing Plaintiff to show cause in writing why the case should not be dismissed for Plaintiff's failure to prosecute, and further ordering Plaintiff to file his brief by January 13, 2020. Order to Show Cause [19]. This Order was mailed to Plaintiff at his address of record listed on the docket sheet. Docket Entry [19]. Plaintiff failed to file a brief by January 13, 2020. Indeed, to date Plaintiff has never filed a brief.

On January 17, 2020, United States Magistrate Judge F. Keith Ball entered a Report and Recommendation [20], recommending that the case be dismissed without prejudice for failure to prosecute. R. & R. [20] at 1. The Report and Recommendation was mailed to Plaintiff at his address of record. Docket Entry [20]. Plaintiff had 17 days to file Objections to the Report and Recommendation, giving him until February 3, 2020, to do so. R. & R. [20] at 1; *see* Fed. R. Civ. P. 6(b) (granting a party three additional days to act when service is made by mail). Plaintiff failed to respond within this timeframe, and to date he has filed no formal objection to the Report and Recommendation.

On February 4, 2020, Plaintiff filed a Motion [21] for Extension of Time, in which he claims that certain documents and medical records, as well as a request from the Department of Defense, arrived to him incomplete and have yet to be completed. Mot. for Extension of Time [21] at 1. He states that when his medical records were transferred to a digital format, the "bottom fourth" did not record completely. *Id.* Further, he asserts that he has requested additional testing and "was recently approved for head trauma." *Id.* Plaintiff attached as an exhibit a letter from the United States Department of Veterans Affairs authorizing three appointments to receive a "neurocognitive exam/evaluation for the referred condition indicated on consult." Veterans Affairs Letter [21-1] at 1. Plaintiff states that he will forward his medical diagnosis to the Court when it is complete. Mot. for Extension of Time [21] at 1.

## II. DISCUSSION

It is unclear whether Plaintiff's Motion for Extension of Time seeks an extension of the time in which to file Plaintiff's initial brief or to file objections. In either case, the Motion was not made until after the time allowed for doing so had expired. Thus, the Court will first examine whether it should grant Plaintiff's out-of-time Motion for Extension of Time. To the extent that this Motion could somehow be construed as an objection to the Report and Recommendation, the Court will in the alternative examine the effect of such an objection.

A. Motion for Extension of Time

When a motion for extension of time is made after a deadline has expired, a court may extend the time for compliance if the failure to act was due to excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The determination of what constitutes "excusable neglect" is an equitable one. *Pioneer Inv. Servs., Co. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 395 (1993). A court must take into account "all relevant circumstances surrounding the part[y's] omission," such as: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392. Excusable neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388. Although *Pioneer* was a civil bankruptcy case, the Fifth Circuit has applied it to excusable neglect inquiries under the Federal Rules of Civil Procedure. *See Coleman Hammons Constr. Co., Inc. v. Occupational Safety & Health Review Comm'n*, 942 F.3d 279, 283 (5th Cir. 2019).

1. <u>Danger of prejudice to the opposing party</u>

The Commissioner has not responded to Plaintiff's Motion for Extension of Time or otherwise alerted the Court to any prejudice that would result from

granting the extension. It is unclear what prejudice the Commissioner would suffer, but this case has been delayed for over seven months by Plaintiff's failure to file his brief, and the case could not proceed in any meaningful way until Plaintiff filed a brief setting forth the errors he claims entitle him to relief.

2. <u>Length of delay and impact on judicial proceedings</u>

Plaintiff's Motion does not specify whether he is asking for an extension of his deadline to file his brief or to submit objections to the Report and Recommendation. The excuses proffered in the Motion are vague and appear to relate to missing and incomplete documents. While these statements could be an effort to explain why Plaintiff has not yet filed his brief, they could also be construed as a rationale to excuse his failure to prosecute his case. If the Motion for Extension of Time relates to the deadline to file objections, the Motion was filed only one day late, and did not have a significant impact on these proceedings. If the Motion for Extension of Time relates to the brief, it is 229 days late. Plaintiff's brief was due on June 20, 2019, and he did not seek an extension of time until February 4, 2020. This is a significant delay and has stalled these judicial proceedings for seven months. Plaintiff was also required to respond to the Order to Show Cause by January 13, 2020. Order to Show Cause [19]. If his Motion for Extension of Time is responsive to that Order, it is 22 days late. These delays interfere with the Court's ability to manage its docket and efficiently dispose of cases.

To the extent Plaintiff's statements in his Motion could indicate the existence of new evidence, such assertions would not be properly before this Court unless or

until an Administrative Law Judge has had the opportunity to pass upon them in the first instance. In other words, if this material is not part of the Administrative Record, it is not properly brought before this Court in the first instance.

3. <u>Reasons for the delay</u>

Plaintiff does not offer any direct explanation for his delay in filing his brief, objections, or this Motion for Extension of Time. Plaintiff does claim that he is requesting an extension because he is awaiting completed copies of documents and medical records. Mot. for Extension of Time [21] at 1. He also states that he has been approved for additional testing for head trauma. *Id.* However, Plaintiff has made no effort to explain why these items, which would constitute new evidence not in the Administrative Record, are needed for his claim.

While it is not clear whether Plaintiff offers these reasons to support his delay in filing his Motion for Extension of Time, it is clear that they are insufficient to justify the delay. The Supreme Court has said that excusable neglect may encompass carelessness, inadvertence, ignorance of the rules, or mistakes construing the rules. *Pioneer Inv. Servs. Co.*, 507 U.S. at 392. While excusable neglect may be an 'elastic concept,' *id.*, it does not cover instances where the party is aware of deadlines and simply chooses to ignore them and not respond.

Plaintiff does not claim that he was unaware of the filing deadlines or the Court's Order to Show Cause. Rather, he attributes his delay, not to some sort of carelessness, inadvertence, ignorance, or mistake, but rather to intentionally awaiting the arrival of additional documents and records. Mot. for Extension of

Time [21] at 1.  It is, of course, important that the documents and records in the case are complete, however, Plaintiff was required follow the Court's Orders and either request an extension prior to the filing deadline or respond to the Order to Show Cause to explain his delay.  Plaintiff may not ignore deadlines and Orders of which he is aware and later move for an extension of time, and he seems to claim that he intentionally did not file his brief, respond to the Order to Show Cause, or file objections even though he was aware of the deadlines, simply because he was awaiting new information.

4. <u>Good faith</u>

The foregoing supports a finding in the Court's view that Plaintiff has acted in bad faith by deliberately ignoring the Court's deadlines and Orders.

Taking into consideration all of the relevant circumstances, the Court finds that Plaintiff's failure to file a Motion for Extension of Time within the time provided was not due to excusable neglect, and Plaintiff's Motion [21] should be denied.

B. <u>Objection to the Report and Recommendation</u>

Where no party has objected to a magistrate judge's proposed findings of fact and recommendation, the Court need not conduct a de novo review of it.  28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made").  In such cases, the Court applies the "clearly erroneous, abuse

of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Plaintiff's Motion for Extension of Time does not state any objection to the Report and Recommendation, and it does not request additional time to file objections. Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [20] as the opinion of this Court.

Assuming Plaintiff's Motion could somehow be construed as an objection, and further assuming that there was excusable neglect shown for its late filing, the Court would be required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (party filing written objections is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made" (emphasis in original)). A court is not required to make new findings of fact in order to conduct a de novo review. *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir. 2000). Nor is a court required to reiterate the findings and conclusions of the magistrate judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

The Magistrate Judge recommended that Plaintiff's case be dismissed for failure to prosecute because he failed to file a brief and failed to respond to the Court's Order to Show Cause. R. & R. [20] at 1. Plaintiff makes no specific objection to the

Report and Recommendation's findings of fact or law, but rather simply asserts that he was awaiting additional records. Mot. for Extension of Time [21] at 1.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action based upon the failure of the plaintiff to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (noting that "[a]lthough the rule is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte"). Pro se litigants are not exempt from compliance with the rules of procedure. *See Arredondo v. Univ. of Tex. Med. Branch at Galveston*, No. 18-41186, 2020 WL 773284, at *3 (5th Cir. Feb. 18, 2020) (requiring pro se litigants to comply with the Federal Rules of Appellate Procedure); *see also Beard v. Experian Info. Sols. Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). "In order to determine whether the circumstances justified a dismissal for want of prosecution, the reviewing court must examine the procedural history of the case and weigh the power of the trial court to achieve the orderly and expeditious disposition of cases against the policy of law favoring disposition of litigation on the merits." *Id.* (quoting *Lopez*, 570 F.2d at 544).

In *Beard*, the court's dismissal without prejudice was justified where the plaintiff had failed to comply with several court orders, the court had repeatedly warned the plaintiff that his failure to timely comply with its orders could result in

sanctions, including dismissal of his lawsuit, and the plaintiff was given several opportunities to comply. *Id.*

Here, Plaintiff has failed to comply with the Court's Order setting the briefing schedule and its subsequent Order to Show Cause. He also failed to file his brief or any objections in a timely manner. Plaintiff was warned in the Order to Show Cause that this action could be dismissed for failure to prosecute if he did not respond. Order to Show Cause [19] at 1. Plaintiff was given another opportunity to file his brief in that Order, and he failed to do so. *Id.* While Plaintiff's Motion for Extension of Time states that he was awaiting documents and records so that he could provide them to the Court, this does not excuse his failure to comply with the Orders. In the over seven months between when Plaintiff's brief was due and when he filed his Motion for Extension of Time, he has had no communication with the Court and has taken no action in the case. Plaintiff failed to inform the Court of the reason for his delay or to timely request an extension of the deadline. To the extent it could be viewed as a response, the Motion for Extension of Time has only offered vague assertions of alleged errors in documents and records, with no timeline for when Plaintiff would be able to furnish complete copies. Mot. for Extension of Time [21] at 1. This leaves aside the question of whether it would be appropriate for the Court to consider new evidence, as its review must be confined to the record below.

Weighing the history of the case, the vague, nonspecific assertions by Plaintiff of his reasons for not complying with the Court's Orders, and the Court's

interest in expeditious disposition of the case against the policy favoring disposition of litigation on the merits, the Court finds that this case should be dismissed without prejudice for failure to prosecute. Plaintiff has been given a substantial amount of time to file his brief and comply with the Court's Orders and he has failed to do so. Even construing the Motion for Extension of Time as an objection, Plaintiff has not shown the Court that his failure to prosecute the case and comply with Court Orders was justified.

III. CONCLUSION

After a thorough review and consideration of Plaintiff Dale A. Kennett's Motion [21] for Extension of Time, Magistrate Judge F. Keith Ball's Report and Recommendation [20], the record as a whole, and relevant legal authority, the Court concludes that Plaintiff's Motion [21] for Extension of Time should be denied, that the Magistrate Judge's Report and Recommendation [20] should be adopted as the finding of this Court, and that Plaintiff's Complaint [1] should be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Dale A. Kennett's Motion [21] for Extension of Time is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, United States Magistrate Judge F. Keith Ball's Report and Recommendation [20], entered in this case on January 17, 2020, is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's Complaint [1] is **DISMISSED WITHOUT PREJUDICE.** A separate judgment

will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 2nd day of March, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE